**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gavino MARTINEZ–ARRASOLA, aka: Alfredo Martinez–Arrasola, Alfredo Nartubez–Arasola, Alfredo Martinez–Arrasola, Gabino Martinez–Arrasola, Defendant—Appellant.**

**No. 06–50181.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2007.

Filed May 31, 2007.

Jennifer T. Manion, Esq., Jason Goldberg, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Leila W. Morgan, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FISHER and CLIFTON, Circuit Judges and FOGEL, District Judge.*

### MEMORANDUM **

Defendant–Appellant Gavino Martinez–Arrasola appeals his jury conviction and 51–month sentence imposed for illegal reentry following removal in violation of 8 U.S.C. § 1326. We affirm.

1. Appellant was not entitled to a jury instruction on the defense theory that the Attorney General's consent to reapply for admission was not required, because that theory was not supported by law. *See United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). As Appellant concedes, aliens previously removed on aggravated felony grounds cannot be admitted into the United States *at any time* without the advance consent of the Attorney General to reapply for admission, *see* 8 U.S.C. §§ 1182(a)(9)(A)(i), (a)(9)(A)(iii) (2005). Applying the 2005 version of § 1182 does not result in an impermissible retroactive effect within the meaning of *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). It is Appellant's choice to reenter the United States in 2005 that "subject[ed] him to the new and less generous regime, not a past act that he is helpless to undo." *Fernandez–Vargas v. Gonzales,* — U.S. —, 126 S.Ct. 2422, 2424–25, 165 L.Ed.2d 323 (2006).

2. For the same reason, the district court properly denied Appellant's Federal Rule of Criminal Procedure 29 motion for a judgment of acquittal. Because Appellant was required to obtain the Attorney General's consent, a rational trier of fact could have found the essential elements of § 1326(a) satisfied beyond a reasonable doubt. *See United States v. Bahena–Cardenas,* 70 F.3d 1071, 1072–73 (9th Cir. 1995).

3. Appellant argues that the statutory maximum sentence is two years because the government failed to allege in the indictment or prove to the jury beyond a reasonable doubt that he was removed af-

---

* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ter a conviction for an aggravated felony. We disagree. The jury was presented with evidence of only one removal—which occurred *after* Appellant's conviction of an aggravated felony—so the jury necessarily found that Appellant was removed subsequent to a conviction for an aggravated felony. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1094 (9th Cir. 2007).

Even assuming that the government was required to allege the date of removal in the indictment, *cf. United States v. Covian–Sandoval*, 462 F.3d 1090, 1097–98 (9th Cir.2006), any error was harmless. We conclude beyond a reasonable doubt that the result "would have been the same absent the error." *Neder v. United States*, 527 U.S. 1, 19, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).[1]

The record contains "overwhelming" and "uncontroverted" evidence—including an IJ's order and a warrant of deportation—demonstrating that Appellant was removed in December 1989, subsequent to his conviction for an aggravated felony. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 913 (9th Cir.2006). Appellant did not dispute the date of his removal in the district court or present evidence undermining the government's evidence. Had the grand jury been presented with that evidence, it surely would have included Appellant's date of removal in the indictment.

**AFFIRMED.**

---

1. We review for harmless error because Appellant did not object to the government's charging error until sentencing. *See United States v. Jordan*, 291 F.3d 1091, 1095 (9th Cir.2002) (applying harmless error review where defendant—in challenge to presentence report—objected to government's failure to allege drug quantity in indictment); *United States v. Garcia–Guizar*, 234 F.3d 483, 488 (9th Cir.2000) (applying harmless error review where defendant challenged—in sentencing memorandum—government's failure to allege drug quantity in indictment).