**UNITED STATES of America, Appellee,**

v.

**Edward Alfred ZUBER, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Howard FINKELSTEIN, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Dino GIAMBRONE, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Charles "Lamb Chop" SAN FILIPPO, Appellant.**

Nos. 75–2015, 75–2265, 75–2051 and 75–2016.

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1976.

**982**

Stanley I. Greenberg (argued), Kirschner & Greenberg, Los Angeles, Cal., for appellants in Nos. 75–2015 and 75–2265.

M. Daniel Markoff (argued), Federal Public Defenders, Las Vegas, Nev., for appellant in No. 75–2051.

John Pilkington, Raggio, Walker, Wooster & Pilkington, Las Vegas, Nev., Joseph Panzer, New York City, for appellant in No. 75–2016.

Craig Starr, Sp. Atty. (argued), U. S. Dept. of Justice, Strike Force, Washington, D. C., DeVoe V. Heaton, U. S. Atty., Las Vegas, Nev., for appellee.

## OPINION

Before DUNIWAY and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

■ Appellants present one common issue: whether a "strike force" prosecutor appointed under the special provisions of 28 U.S.C. § 515(a), is properly an "attorney for the government" within the meaning of Fed.R.Crim.P. 6(d).

Appellants rely on the reasoning of *United States v. Crispino,* 392 F.Supp. 764 (S.D.N.Y.1975). We are not persuaded that this is the correct view of the law; nor, apparently, is the Second Circuit which has recently reversed the district court, 517 F.2d 1395 (2d Cir. 1975), and rejected the *Crispino* rationale in *In re Subpoena of Persico,* 522 F.2d 41 (2d Cir. 1975). Therefore, we reject appellants' contention and affirm their convictions.

One of the appellants, San Filippo, raises another issue: whether, in his case, the court followed Fed.R.Crim.P. 11 in accepting his guilty plea. Rule 11, among other things, requires the presiding judge to determine that there is a factual basis for a guilty plea before entering judgment. Our reading of the transcript convinces us that the plea was voluntarily and intelligently made, but that there was a serious question about the factual basis for the plea. San Filippo denied the truth of the prosecutor's summary of the "facts" of the case. He

---

* The Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

then went into great detail in rebutting the offer of proof of some of those "facts". He specifically denied being part of any "junket"—the main element of the conspiracy charged by the government. And, after the prosecutor outlined the evidence, San Filippo replied, "Everything he [the prosecutor] says is a two hundred percent lie." Then, after at least two *sotto voce* conversations with his counsel, San Filippo stated that he had loaned the others in the group $10,000, knowing that they were all equipped with false identification. The court accepted this statement as a sufficient admission of the essential facts to support the guilty plea.

■ Count One of the indictment, the one here at issue, alleges conspiracy to violate 18 U.S.C. § 2314 (interstate transportation of stolen goods). Especially in light of San Filippo's denial of "going down with this group of individuals", there does not appear to be a factual basis for a guilty plea. The court apparently was satisfied that if defendant San Filippo loaned the junket $10,000, knowing that the participants were impostors, he was part of the conspiracy; but defendant's admission of that fact is ambiguous to say the least, since he also claimed, "What I gave them and what I signed for, actually they owed me $500." There is serious question about the nature of the $10,000 transaction and about defendant's actually admitting facts which would have supported a conviction.

The convictions of all defendants except San Filippo are affirmed. San Filippo's judgment is vacated and remanded for further proceedings consistent with Rule 11.