# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

FELIPE ZEPEDA-MARTINEZ,
             *Defendant-Appellant.*

No. 05-50562

D.C. No.
CR-04-02895-LAB

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
September 13, 2006—Pasadena, California

Filed December 13, 2006

Before: Cynthia Holcomb Hall, M. Margaret McKeown, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Hall

19431

**COUNSEL**

Kurt D. Hermansen, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Mark R. Rehe, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

---

**OPINION**

HALL, Senior Circuit Judge:

In *United States v. Covian-Sandoval*, 462 F.3d 1090 (9th Cir. 2006), we determined that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) prevents a sentencing court from enhancing an alien's sentence based upon a removal subsequent to a prior conviction unless that removal has been admitted by the defendant or proven to a jury beyond a reasonable doubt. *Covian-Sandoval*, 462 F.3d at 1097. We now must decide whether harmless error review applies to such an error when the issue has properly been raised below. In light of the Supreme Court's ruling in *Washington v. Recuenco*, 126 S. Ct. 2546 (2006), we hold that *Apprendi* errors are reviewed for harmlessness using the framework of *Neder v. United States*, 527 U.S. 1 (1999). Because we conclude that the sentencing court's error was harmless, we affirm.

I.

On September 5, 2004, appellant Felipe Zepeda-Martinez ("Zepeda") was found by customs agents near Otay Mesa, California. After being read and waiving his *Miranda* rights, Zepeda admitted that he was a citizen and native of Mexico with no legal right to be in the United States. On November 5, 2004, a grand jury returned a one-count indictment charging Zepeda with being a removed alien found in the United

States in violation of 8 U.S.C. § 1326. The indictment origi-
nally contained a special allegation stating that Zepeda was
removed after May 21, 2002. On that date, the government
would allege, Zepeda had been convicted in California state
court of corporal injury to a spouse, in violation of California
Penal Code § 273.5. If proven, the special allegation would
have shown that Zepeda was removed following the convic-
tion. That showing, in turn, would have subjected Zepeda to
an increased maximum sentence under 8 U.S.C. § 1326 and
a sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).
However, Zepeda successfully moved to strike the allegation.

On March 1, 2005, Zepeda pleaded guilty to one count of
being a removed alien found in the United States. During his
plea colloquy, he admitted all the elements of the offense,
including that he had previously been removed from the
United States. When asked whether he had "previously been
deported or removed from the United States on or about May
21, 2002," he answered "yes."

Prior to sentencing, the probation office filed a presentence
report with the court. The report documented Zepeda's May
21, 2002 conviction under California Penal Code § 273.5. The
report categorized that conviction as a felony crime of vio-
lence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The report also
explained that Zepeda had previously been removed from the
United States several times, most recently on June 17, 2004.
Zepeda raised several legal objections to the presentence
report, but did not dispute the facts material to this appeal,
including his prior conviction and his 2004 removal.

At the sentencing hearing, the government introduced doc-
umentation regarding Zepeda's initial order of deportation,
dated December 29, 1997. It also offered into evidence a War-
rant of Removal showing that the 1997 order of removal was
reinstated on June 8, 2004, and that Zepeda had been physi-
cally removed to Mexico on foot on June 17, 2004. After
rejecting Zepeda's legal argument that the court could not

consider the 2004 reinstatement, the district court accepted his guilty plea for violating 8 U.S.C. § 1326. The court enhanced Zepeda's sentence by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for having previously been removed following a crime of violence and in accordance with this enhancement, sentenced Zepeda to seventy months' imprisonment and three years of supervised release.

## II.

Zepeda initially disputes the court's conclusion that his California conviction qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He also asserts that the district court improperly relied upon the 2004 reinstatement of his 1997 order of removal, because we had invalidated that reinstatement procedure under *Morales-Izquierdo v. Ashcroft*, 388 F.2d 1299 (9th Cir. 2004), *reh'g en banc granted*, *Morales-Izquierdo v. Gonzales*, 2005 WL 2233278 (9th Cir. Sept. 12, 2005). We address these arguments in a separate, unpublished opinion filed on this date.

## III.

**[1]** Zepeda also claims that the district court lacked the authority to increase his sentence based on facts it found at sentencing, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi* and its progeny, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). Here, the court enhanced Zepeda's sentence by sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a finding that he was convicted of a crime of violence on May 21, 2002 and was subsequently removed from the United States on June 17, 2004. Zepeda asserts that his guilty plea admitted neither the 2002 conviction nor the 2004 removal, and therefore the dis-

trict court committed *Apprendi* error by enhancing his sentence based on each of these findings. We address each argument in turn.

## A.

**[2]** Under *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), a judge may enhance a sentence based upon a prior conviction, even if the fact of the conviction is not admitted by the defendant or proven to a jury beyond a reasonable doubt. This holding was preserved as an explicit exception to the *Apprendi* rule. *See Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Zepeda argues that the Supreme Court's recent decisions in *Shepard v. United States*, 544 U.S. 13 (2005), and *Dretke v. Haley*, 541 U.S. 386 (2004), effectively overrule *Almendarez-Torres* or create constitutional doubt that requires us to limit it to its facts. These arguments are squarely foreclosed by our precedent. *See, e.g.*, *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006); *United States v. Rodriguez-Lara*, 421 F.3d 932, 949-50 (9th Cir. 2005). We therefore hold that the district court properly relied upon Zepeda's prior conviction.

## B.

**[3]** Zepeda also asserts that the district court committed *Apprendi* error by enhancing his sentence based upon his 2004 removal, which similarly was neither admitted nor proven to a jury beyond a reasonable doubt.[1] We explained in

---

[1]The government asserts that Zepeda's admission that he was removed "on or about May 21, 2002," coupled with his conviction on that date, constitutes an admission that he was removed after his felony conviction. We disagree. As we have noted in another context, "[u]se of the term 'on or about' does not open the time frame indefinitely" and instead means "at

*United States v. Covian-Sandoval*, 462 F.3d at 1098, that "the only exception to *Apprendi's* rule involves the fact of a prior conviction" and therefore "the enhancement of [a defendant's] sentence, based on the factual finding of a subsequent removal" constitutes error. Thus under *Covian-Sandoval*, the district court committed *Apprendi* error by finding that Zepeda was removed in 2004.

**[4]** We next must decide the appropriate standard of review for a properly-preserved claim of *Apprendi* error.[2] Although our prior case law may suggest otherwise, the Supreme Court recently held that *Apprendi* errors are reviewed under the harmless error standard as applied in *Neder v. United States*, 527 U.S. 1 (1999). *Washington v. Recuenco*, 126 S. Ct. 2546 (2006).

**[5]** Under *Recuenco* and *Neder*, an error is harmless if the court finds beyond a reasonable doubt that the result "would have been the same absent the error." *Neder*, 527 U.S. at 19.

most . . . one or two days" from the specific date. *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983). The government alleged a number of dates upon which Zepeda was removed, including dates before and after May 21, 2002. None of these, however, fall within one or two days of that conviction, and therefore do not indicate with certainty which removal the defendant was admitting. The 2004 date that the court found for sentencing purposes clearly does not fall within one or two days of May 21, 2002. Moreover, we note that Zepeda successfully moved to strike the indictment's special allegation that he was removed after May 21, 2002, and explicitly preserved the right to argue at sentencing that enhancement under U.S.S.G. § 2L1.2 was inappropriate. Although it seems clear that Zepeda admitted to being removed at some point prior to his reentry, we cannot conclude that Zepeda's agreement that he was removed "on or about" May 21, 2002 necessarily constitutes an admission that he was removed after that date. *Cf. United States v. Zuber*, 528 F.2d 981, 982 (9th Cir. 1976) (reversing conviction because admissions supporting guilty plea were ambiguous).

[2]In *Covian-Sandoval*, we reviewed for plain error because the appellant had not raised the issue in the district court. *Id.* at 1093. Zepeda, by contrast, properly preserved his claim.

*Neder* explained that where the record contains "overwhelming" and "uncontroverted" evidence supporting an element of the crime, the error is harmless. *Id.* at 17, 18. Conversely, the error is not harmless if "the defendant contested the omitted element and raised evidence sufficient to support a contrary finding." *Id.* at 19.

**[6]** We find that the record contains overwhelming and uncontroverted evidence supporting Zepeda's 2004 removal. At sentencing, the government introduced a Warrant of Removal showing that Zepeda was ordered removed on June 8, 2004 and was physically removed to Mexico on foot on June 17, 2004.**³** This warrant bears Zepeda's name, signature, fingerprint, and immigration case number, as well as the name, title, and signature of an immigration officer who witnessed the removal. This warrant is sufficient alone to support a finding of removal beyond a reasonable doubt. *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1652 (2006). Zepeda did not dispute the authenticity of this document. Indeed, Zepeda himself had offered the first page of the same warrant as an exhibit supporting a pretrial filing. Zepeda also did not raise a factual objection to the allegation in his presentence report that he was removed on June 17, 2004. Under Federal Rule of Criminal Procedure 32(i)(3)(A), at sentencing a court "may accept any undisputed portion of the presentence report as a finding of fact." We find, therefore, that the 2004 removal was supported by "overwhelming" evidence and that Zepeda did not contest the fact or "raise[ ] evidence sufficient to support a contrary finding." Thus we are satisfied beyond a reasonable

---

**³**When reviewing for harmless error under *Neder*, "[o]ur review encompasses the 'whole record' " including "the sentencing proceedings . . . to assist us in determining what evidence [the parties] would have introduced at trial" had the issue been properly presented. *United States v. Nordby*, 225 F.3d 1053, 1061 n.6 (9th Cir. 2000) (internal citation omitted), *overruled on other grounds by United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) (en banc).

doubt that, on this record, the result "would have been the same absent the error." *Neder,* 527 U.S. at 19.

## IV.

For the foregoing reasons, we conclude that the *Apprendi* error committed by the district court was harmless. Accordingly, we uphold Zepeda's sentence.

AFFIRMED