UNITED STATES of America, Plaintiff–Appellee,

v.

Fernando GARCIA–GONZALEZ, Defendant–Appellant.

No. 06–50470.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007.[*]

Filed Aug. 31, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anna Lou Tirol, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Martin G. Molina, Esq., San Diego, CA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Fernando Garcia–Gonzalez appeals from the 41–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Garcia–Gonzalez contends that the district court erred in enhancing his sentence based upon his deportation subsequent to a prior conviction, where the date or fact of deportation was not admitted, or proven to a jury beyond a reasonable doubt. We conclude that the district court's error was harmless in light of "overwhelming and uncontroverted" evidence in the record indicating that Garcia–Gonzalez was deported subsequent to his conviction for involuntary manslaughter. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006). We reject Garcia–Gonzalez's contention that failure to allege the date or fact of deportation in the indictment constitutes structural error, *see United States v. Jordan,* 291 F.3d 1091, 1095 (9th Cir.2002), and conclude that any error was harmless, *see United States v. Hollis,* 490 F.3d 1149, 1155–57 (9th Cir.2007).

Garcia–Gonzalez also contends that, pursuant to the doctrine of avoidance of constitutional doubt, the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is limited to the proposition that the fact of prior conviction need not be charged in the indictment where the defendant admits the prior conviction and subsequent deportation during a guilty plea, and alternately

ed by 9th Cir. R. 36–3.

that *Almendarez–Torres* has effectively been overruled, such that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These contentions are foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007).

■ Garcia–Gonzalez further contends that his sentence was unreasonable because the district court placed excessive weight on the Guidelines, making the Guidelines range the presumptive sentence. However, the record reflects that the district court considered the nature of Garcia–Gonzalez's criminal history, and stated that it had considered all sentencing factors under 18 U.S.C. § 3553(a). We conclude that the sentence imposed by the district court was not unreasonable. *See United States v. Marcial–Santiago,* 447 F.3d 715, 719 (9th Cir.2006) (affirming where "[t]he district court gave thoughtful attention to factors recognized in § 3553(a) and exercised sound discretion to ensure that the punishment fit the crime and the circumstances of the appellants"), *cert. denied sub nom. Acosta–Franco v. United States,* —— U.S. ——, 127 S.Ct. 309, 166 L.Ed.2d 232 (2006).

**AFFIRMED.**