UNITED STATES of America,
Plaintiff—Appellee,

v.

Raul MARTINEZ–VENTURA, A.K.A.
Jose Billa–Lopez, Defendant—
Appellant.

No. 05–50786.

United States Court of Appeals,
Ninth Circuit.

Oral argument vacated and
submission deferred Nov. 30, 2006.

Resubmitted Aug. 30, 2007.*

Filed Sept. 6, 2007.

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jodi D. Thorp, Esq., James Fife, Candis L. Mitchell, Esq., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Raul Martinez–Ventura appeals his jury-trial conviction and 46–month sentence for

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Martinez–Ventura argues that the district court erred when it denied his motion to suppress his post-arrest statements. He is mistaken. First, in light of the totality of the circumstances, we reject Martinez–Ventura's contention that his arrest was illegal. The record reflects that his wife validly consented to the search of the Martinez–Ventura dwelling. *See United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1126 (9th Cir.2005). Second, Martinez–Ventura's contention that the district court erred when it concluded that he voluntarily waived his *Miranda* rights is without merit. Martinez–Ventura failed to present any evidence that the challenged statements were involuntarily made or coerced.

Martinez–Ventura also claims that the district court erred when it imposed a 16-level upward adjustment to his offense level pursuant to 8 U.S.C. § 1326(b)(2). Specifically, Martinez–Ventura contends that the district court should not have relied on reinstatements of prior removals to determine that he had been removed subsequent to his 1997 conviction for first-degree burglary. This contention is foreclosed by our case law. *See Morales–Izquierdo v. Gonzales*, 477 F.3d 691, *amended on denial of reh'g*, 486 F.3d 484, 497–98 (9th Cir.2007); *United States v. Luna–Madellaga*, 315 F.3d 1224, 1226 (9th Cir.2003); *see also United States v. Diaz–Luevano*, 494 F.3d 1159, 1161–62 (9th Cir. 2007). Likewise foreclosed is Martinez–Ventura's contention that the district court was not authorized to enhance his sentence based on the court's finding that he had a prior burglary conviction. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091–92 (9th Cir.2006).

Finally, Martinez–Ventura argues that the district court committed an *Apprendi* error when it found that he was removed *subsequent* to his 1997 burglary conviction. The fact of such a removal "must be proved beyond a reasonable doubt to a jury or admitted by the defendant." *United States v. Covian–Sandoval*, 462 F.3d 1090, 1098 (9th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007). Because Martinez–Ventura did not admit to any subsequent removals nor were the removals proved to a jury beyond a reasonable doubt, the district court's finding of the subsequent removals violated *Apprendi. See id.*

This error, however, was harmless. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 913–14 (9th Cir.2006). The government submitted warrants of two subsequent removals—one in 1999 and another in 2000—that took place after the 1997 conviction. These warrants constitute overwhelming evidence and are "sufficient alone to support a finding of removal beyond a reasonable doubt." *Id.*

AFFIRMED.