**UNITED STATES of America,**
**Respondent–Appellee,**

v.

**Raul MARTINEZ–ALMAGUER,**
**Petitioner–Appellant.**

**No. 05–50592.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Oct. 1, 2007.

U.S. Attorneys Office, Christopher R. McFadden, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Respondent–Appellee.

John Owen Lanahan, Esq., Law Offices of John O. Lanahan, San Diego, CA, for Petitioner–Appellant.

Before: WALLACE, IKUTA and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Raul Martinez–Almaguer appeals his 41–month prison sentence and three year

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

period of supervised release for illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Because the parties are aware of the facts of this case, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

■ "[W]here a defendant has received a sentence that includes a period of supervised release, a challenge to the length of his sentence of imprisonment is not moot because the district court has discretion regarding the length of supervised release . . . and can change the supervised release period." *United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir.2006) (internal citations omitted). Therefore, although Martinez–Almaguer's estimated release date has already passed, his sentencing appeal is not moot because Martinez–Almaguer still must serve a period of supervised release.

■ Under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court was clearly allowed to consider Martinez–Almaguer's prior aggravated felony conviction during sentencing. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 912 (9th Cir.2006). However, Martinez–Almaguer argues that the district court erred by enhancing Martinez–Almaguer's sentence under § 1326(b)(2) due to Martinez–Almaguer's subsequent deportation because he did not admit, and a jury did not find beyond a reasonable doubt, that he had been deported at any time subsequent to his aggravated felony conviction. *See United States v. Covian–Sandoval*, 462 F.3d 1090, 1098 (9th Cir.2006). We need not address this issue because the record contains overwhelming and uncontroverted evidence supporting that Martinez–Almaguer was deported subsequent to his aggravated felony conviction. Thus, any district court error would be harmless. *See Zepeda–Martinez*, 470 F.3d at 913–14 (holding that such error was harmless

when, as in this case, the government introduced warrants of deportation which included the alien's name, signature, fingerprint, and immigration case number, as well as the name, title, and signature of the immigration officer who witnessed the removal).

■ Additionally, the district court properly determined the applicable Guideline range, listened to and considered Martinez–Almaguer's arguments concerning his history and personal characteristics, considered the § 3553(a) factors, and reached its sentencing decision by taking into account the nature and circumstances of Martinez–Almaguer's particular offense. Thus, the district court's sentencing decision was reasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2469, 168 L.Ed.2d 203 (2007). We **AFFIRM.**