**Carmen John PALMIERI, Petitioner— Appellant,**

v.

**George GIURBINO, Respondent— Appellee.**

No. 06–56739.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 28, 2007.*

Filed Oct. 2, 2007.

Eric R. Larson, Esq., San Diego, CA, for Petitioner–Appellant.

Gil P. Gonzalez, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

The district court erred by holding that the retroactivity doctrine barred Palmieri's claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because Palmieri's conviction was not final when *Blakely* was announced— Palmieri had not yet exhausted his state appeals. *See Teague v. Lane*, 489 U.S. 288, 295, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The district court also erred by holding that *Blakely* was not violated because Palmieri admitted the facts necessary for an enhancement. Nothing in the record establishes that Palmieri admitted anything beyond the elements of the crime itself. Nor does anything in the record establish that he knowingly and voluntarily waived his right to have a jury find the aggravating facts.

Nonetheless, violations of *Blakely* are reviewed under a harmless error standard. *See Washington v. Recuenco*, 549 U.S. 212, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006). The California Court of Appeal determined that the *Blakely* error at Palmieri's sentencing was harmless beyond a reasonable doubt, applying *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). This was not an unreasonable application of Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

It is clear that the state trial court intended to impose a thirty-year sentence, irrespective of the enhancements at issue in this appeal. It is also clear that the court could and would have imposed such a sentence on the basis of the entirety of the 144 counts, even without resort to the upper-term enhancements. Accordingly, the California Court of Appeal reasonably applied Supreme Court precedent when it concluded that any error by the state trial court was harmless. *See also United States v. Zepeda–Martinez*, 470 F.3d 909, 912–14 (9th Cir.2006).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.