UNITED STATES of America,
Plaintiff—Appellee,

v.

Antonio AGUIRRE–CALLES,
Defendant—Appellant.

No. 06–50345.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Jan. 9, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer T. Manion, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

John C. Ellis, Jr., FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

 Antonio Aguirre–Calles appeals from his sentence imposed following his guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. Aguirre–Calles contends that the district court erred in enhancing his sentence based upon a removal subsequent to a prior conviction, where the date or fact of his prior removal was neither alleged in the indictment nor specifically admitted. We reject Aguirre–Calles' contention that failure to allege the date or fact of his deportation in the indictment constitutes structural error. *See United States v. Salazar–Lopez,* 506 F.3d 748, 753 (9th Cir.2007). Moreover, the record contains overwhelming and uncontroverted evidence that Aguirre–Calles was deported subsequent to at least two of his convictions. Thus, any error by the district court would be harmless. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006).

The Presentence Report (PSR) stated that Aguirre–Calles had been deported fourteen times between July 13, 1972 and June 9, 2005 and convicted of multiple offenses, beginning in 1970, placing him in a criminal history category of V. The PSR specifically noted that Aguirre–Calles was deported in August 1996, after a felony conviction in 1993 for furnishing marijuana to a minor, and again in 2005, subsequent to his 1990 conviction for possession of cocaine for sale. Although Aguirre–Calles filed extensive legal objections to the PSR, he did not dispute the factual findings that he had been removed fourteen times, nor did he present any evidence that he was not removed on the specified dates. *See* Fed.R.Crim.P. 32(i)(3)(A) ("At sentencing, the court ... may accept any undisputed portion of the presentence report as a finding of fact."). The district court found, without objection, that Aguirre–Calles was "certainly" deported after his 1990 conviction. We therefore are satisfied that, on

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this record, the result would have been the same absent any error by the district court. *See id.*

Aguirre–Calles contends that, pursuant to the doctrine of avoidance constitutional doubt, the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is limited to the proposition that the fact of prior conviction need not be charged in the indictment where the defendant admits the prior conviction during a guilty plea. Alternately he contends that *Almendarez–Torres* has effectively been overruled, such that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). These contentions are foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006), cert. denied,—— U.S. ——, 127 S.Ct. 1866, 167 L.Ed.2d 355 (2007).[1]

**AFFIRMED.**

---

1. The government's motion for supplemental briefing is denied.

