**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Oscar Manuel GUTIERREZ–LOPEZ,**
**Defendant–Appellant.**

**No. 07–10124.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Jan. 16, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert L. Ellman, Esq., Office of the U.S. Attorney, Lloyd George Federal Bldg., Robert H. Bork, Esq., U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Paul D. Riddle, Esq., Law Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Before: COWEN,** HAWKINS and NR SMITH, Circuit Judges.

### MEMORANDUM ***

Appellant Oscar Gutierrez–Lopez pled guilty without a plea agreement to unlawfully reentering the United States in violation of 8 U.S.C. § 1326. Gutierrez–Lopez appeals his thirty-four month, above-Guidelines sentence, contending it is unreasonable. We affirm.

The thirty-four month sentence was above the twenty-four to thirty month advisory Guideline range. The district court concluded that this range did not take into account the fact that Gutierrez–Lopez violated his supervised release from a previous 8 U.S.C. § 1326 conviction (the government dismissed its petition to revoke Gutierrez–Lopez's supervised release from

that conviction before this sentencing). Additionally, the district court noted that each time Gutierrez–Lopez reentered the United States, he committed crimes. After considering the factors set forth at 18 U.S.C. § 3553(a), the district court sentenced Gutierrez–Lopez to thirty-four months.

Gutierrez–Lopez does not argue that the district court improperly calculated the advisory Guideline range. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range"). Rather, Gutierrez–Lopez asserts that the district court improperly increased his sentence beyond the advisory Guideline range by considering his violation of supervised release. *See, e.g., United States v. Miqbel,* 444 F.3d 1173, 1181–82 (9th Cir.2006) (noting that in imposing a sentence for violating supervised release, the factors set forth in 18 U.S.C. § 3583(e) only incorporate eight of the ten factors listed in 18 U.S.C. § 3553(a) and that a district court could not consider the need to promote respect for the law in sentencing upon revocation of supervised release). We review the substantive reasonableness of the sentence for abuse of discretion. *See Gall,* 128 S.Ct. at 591.

The thirty-four month sentence was for the § 1326 violation only. Thus, the district court could consider all of the factors set forth in § 3553(a) because Gutierrez–Lopez was not sentenced for violating his supervised release. Additionally, while the advisory Guidelines range included the fact

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that Gutierrez–Lopez was under supervised release at the time he committed this § 1326 violation, it did not consider the fact that Gutierrez–Lopez violated his supervised release. Taking into account the reasons stated by the district court at sentencing, and the small variance from the advisory Guidelines, there was no abuse of discretion.

Gutierrez–Lopez further argues that his prior conviction must be found by a jury or admitted to by Gutierrez–Lopez before the government can use that conviction to enhance the sentence. That argument, however, is foreclosed by precedent. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Zepeda–Martinez*, 470 F.3d 909, 912 (9th Cir.2006) (noting that under *Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), "a judge may enhance a sentence based upon a prior conviction, even if the fact of conviction is not admitted by the defendant or proven to a jury beyond a reasonable doubt. This holding was preserved as an explicit exception to the Apprendi rule."). Gutierrez–Lopez also makes the argument that under the doctrine of constitutional avoidance a sentence for a conviction of illegal reentry of a deported alien should not be increased beyond the statutory maximum of two years unless a factor increasing the maximum is proved to a jury or admitted to by Gutierrez–Lopez. That argument is also foreclosed by precedent. *See United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir.2007) (en banc) (noting the rejection of the "constitutional avoidance" doctrine as a

means to avoid the holding in Almendarez–Torres).  .

**AFFIRMED.**