UNITED STATES of America,
Plaintiff—Appellee,

v.

Gilberto PLACENCIA–MEDINA,
Defendant—Appellant.

No. 06–50401.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 18, 2008.

Carol C. Lam, AUSA, Roger W. Haines, Jr., Esq., Jason Goldberg, Esq., Christina M. McCall, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy R. Garrison, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Gilberto Placencia–Medina appeals from his sentence of 18 months in prison and three years of supervised release for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Placencia–Medina contends that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it enhanced his sentence pursuant to 8 U.S.C. § 1326(b) because the indictment did not allege the temporal relationship between the prior removal and prior conviction, and he did not admit, and a jury did not find, the temporal relationship. We agree. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006); *United States v. Salazar–Lopez,* 506 F.3d 748, 751–55 (9th Cir.2007). However, the error was harmless because the record shows that Placencia–Medina was removed subsequent to his prior conviction. *See Zepeda–Martinez,* 470 F.3d at 913–14.

Placencia–Medina also contends that the temporal relationship is an element of a 8 U.S.C. § 1326 offense and that the indictment therefore failed to allege an element of the offense. He is incorrect. *See Almendarez–Torres v. United States,* 523 U.S. 224, 239, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (recognizing that 8 U.S.C. § 1326(b) contains sentencing facts, not elements of the offense); *see also Salazar–Lopez,* 506 F.3d at 752–755 (distinguishing failure to allege sentencing factor of temporal relationship from cases in which indictment failed to allege an element of an offense).

In addition, Placencia–Medina contends that *Almendarez–Torres* effectively has been overruled. This contention is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3. Alternatively, Placencia–Medina contends that *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction and subsequent removal during a guilty

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

plea. This argument also is foreclosed. *See id.*

Finally, Placencia–Medina contends that § 1326(b) is unconstitutional on its face because it permits the district court to increase the statutory maximum based on facts found by the judge and neither admitted by the defendant nor found by the jury. This contention also is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.