UNITED STATES of America,
Plaintiff–Appellee,

v.

Cesar MONDRAGON–MARTELL, aka
Fernando Vasquez–Garcia,
Defendant–Appellant.

No. 07–10224.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 18, 2008.

Decided May 1, 2008.

Tracey A. Bardorf, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Cesar Mondragon–Martell, Florence, AZ, pro se.

Philip E. Hantel, Esq., Phoenix, AZ, for Defendant–Appellant.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Cesar Mondragon–Martell ("Mondragon–Martell") appeals his conviction and sentence for illegal re-entry after deportation. He argues his counsel was so ineffective at trial that it deprived him of his Sixth Amendment right to counsel, and that the district court improperly admitted evidence of his past conviction for illegal

* This disposition is not appropriate for publication and is not precedent except as provided

re-entry after deportation. He also claims the Government did not present sufficient evidence to prove he was deported. Finally, he argues that, given his health issues, his prison sentence is excessive.

We only review challenges to the effectiveness of defense counsel on direct appeal where the record is sufficiently developed, or where the counsel's performance was so inadequate that the defendant was effectively denied his right to counsel. *United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir.2005). Neither situation is present here. Accordingly, we decline to review this claim.

We also conclude that the district court did not err in admitting the evidence of his previous conviction of illegal re-entry after deportation. His argument fails here because the Government properly used this evidence to corroborate his admissions of his alienage. *See United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir.1997).

Additionally, Mondragon–Martell's claim that the Government did not provide ample evidence of his deportation fails because a warrant of removal can sufficiently identify and prove that he was previously deported. *See United States v. Zepeda–Martinez*, 470 F.3d 909, 913 (9th Cir.2006) (holding that a warrant of removal "is sufficient alone to support a finding of removal beyond a reasonable doubt").

Finally, we review Mondragon–Martell's sentence to determine if it is reasonable, and will only set it aside if it is "procedurally erroneous or substantively unreasonable." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). In this case, we conclude that the district court

by 9th Cir. R. 36–3.

properly considered his health issues and that the sentence imposed was reasonable.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.