**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jason B. TIFFIN, Defendant— Appellant.**

**No. 07–30194.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Jan. 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER and RAWLINSON, Circuit Judges, and EZRA *, District Judge.

MEMORANDUM **

Jason Tiffin appeals his 120–month sentence imposed following a guilty plea and jury conviction. Tiffin pled guilty to being a felon in possession of body armor, in violation of 18 U.S.C. § 931, and being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). He was also convicted by a jury of possession of ammunition and possession of a firearm, both in violation of 18 U.S.C. § 922(g)(1). We affirm the district court's sentence.

Tiffin challenges several of the conclusions reached by the trial judge in its enhancement calculations under the Sentencing Guidelines. Specifically, Tiffin challenges the district court's finding that: (1) he possessed a shotgun within the meaning of 26 U.S.C. § 5845(a), which re-

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sulted in a two-level increase to his base offense level under U.S.S.G. § 2K2.1(a)(3); (2) he possessed the shotgun in connection with the felony offenses of unlawful possession of ammunition and unlawful possession of body armor, which resulted in a four-level increase under U.S.S.G. § 2K2.1(b)(5); (3) he was not eligible for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1 because he put the government to its burden of proof at trial; and (4) he obstructed justice, which resulted in a two-level increase under U.S.S.G. § 3C1.1.

Although the district court's explanation of how it arrived at its decision to apply the enhancements lacked clarity, the record supports the district court's conclusion that the firearm was a sawed-off shotgun with an obliterated serial number, and was used in connection with the other felony offenses. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 913 (9th Cir.2006) (upholding enhancement where the record contained "overwhelming" evidence supporting the district court's determination). The record also supports the obstruction of justice enhancement based on Tiffin's efforts to manufacture an alibi. *See United States v. Mattarolo,* 209 F.3d 1153, 1159 (9th Cir. 2000); *see also United States v. Tidwell,* 191 F.3d 976, 982 (9th Cir.1999). Tiffin's sentence of 120 months, which was well below the Guideline range of 168 to 210 months, was reasonable. *See United States v. Bendtzen,* 542 F.3d 722, 729 (9th Cir.2008).

**AFFIRMED.**