**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30299 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00245-BLW-1 |
| v. | |
| SILVIANO MARCELINO-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted July 15, 2010
Portland, Oregon

Before: GOODWIN, PREGERSON, and WARDLAW, Circuit Judges.

Silviano Marcelino-Garcia appeals his conviction for illegal reentry after a

prior deportation under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C.

§ 1291 and we affirm. Because the parties are familiar with the facts, we do not

restate them here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I.

We review *de novo* claims of insufficient evidence. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir. 2008) (citing *United States v. Shipsey*, 363 F.3d 962, 971 n.8 (9th Cir. 2004)). Evidence is sufficient to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Contreras*, 63 F.3d 852, 857 (9th Cir. 1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

In this case, sufficient evidence supports the jury's conclusion that the Government proved, beyond a reasonable doubt, that Marcelino-Garcia physically left the United States. The Government submitted into evidence a warrant of removal, which this court has repeatedly found to be sufficient evidence to establish physical removal. *See, e.g., United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir. 2007); *United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006); *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1074 (9th Cir. 2005); *United States v. Contreras*, 63 F.3d 852, 857 (9th Cir. 1995). Agent Pedregon testified that after an immigration officer witnessed a deportee's exit through the gate to the Paseo Del Norte Bridge and signed that deportee's warrant, it was possible that a deportee could avoid physically crossing the border. Agent

2

Pedregon emphasized that the chances of this happening were remote. Therefore, Agent Pedregon's testimony does not undermine the sufficiency of the warrant of removal.

## II.

We review a defendant's claim, raised for the first time on appeal, that the government improperly shifted the burden of proof to the defendant for plain error. *United States v. Vaandering*, 50 F.3d 696, 701 (9th Cir. 1995). In this case, the Government expressly stated during its closing argument that it, and not Marcelino-Garcia, bore the burden of proof to show that Marcelino-Garcia had physically departed from the United States. The Government then highlighted Marcelino-Garcia's lack of evidence to support his claim that he had not been physically removed from the United States. The Government may comment on the weaknesses of a defendant's case without impermissibly shifting the burden to that defendant. *Id.* at 701-02. In this case, the Government did not shift the burden of proof to Marcelino-Garcia.

**AFFIRMED.**