NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| THEODORE B. VADEN, | No. 10-15164 |
| Petitioner - Appellant, | D.C. No. 2:08-cv00178-FCD-GGH |
| v. | |
| DARRELL G. ADAMS; ATTORNEY GENERAL OF CALIFORNIA, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge

Argued and Submitted September 2, 2011
San Francisco, California

Before:    BERZON and BYBEE, Circuit Judges, and WHELAN,** Senior
           District Judge.

Petitioner Theodore B. Vaden appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition challenging the sentencing court's imposition

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The Honorable Thomas J. Whelan, Senior District Judge for the Southern
District of California, sitting by designation.

1

of a 5-year sentence enhancement under California Penal Code § 667(a).  The

record establishes that the sentencing court's imposition of the enhancement was

an *Apprendi* error.  Because we find the error to be harmless, we affirm.

This court reviews de novo a district court's decision to deny a habeas

petition.  *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006).  An *Apprendi* error is

harmless "if the court finds beyond a reasonable doubt that the result 'would have

been the same absent the error.'"  *United States v. Zepeda-Martinez*, 470 F.3d 909,

913 (9th Cir. 2006) (quoting *Neder v. United States*, 527 U.S. 1, 19 (1999)).

Courts can find an error harmless only "where the record contains 'overwhelming'

and 'uncontroverted' evidence supporting an element of the crime" and not "if 'the

defendant contested the omitted element and raised evidence sufficient to support a

contrary finding.'"  *Id.* (quoting *Neder*, 527 U.S. at 17-19).

Petitioner was charged with violating California Penal Code § 245(a)(1).

That statute can be violated by the use of a "deadly weapon" or by use of "force

likely to produce great bodily injury."  The jury returned a guilty verdict but the

verdict form did not specify whether its decision was based on the "deadly

weapon" or the "force likely" prong of the statute.

California Penal Code § 667(a) imposes a 5-year enhancement for a prior

serious-felony conviction only if the current conviction is also for a serious felony.

Assault with a "deadly weapon" is a serious felony, but assault with "force likely to produce great bodily injury" is not.[1]

The sentencing court imposed the 5-year enhancement based on its own finding that Petitioner's § 245(a)(1) conviction qualified as a "serious felony." That finding violated *Apprendi*, which requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Thus, the question was whether there was overwhelming and uncontroverted evidence that Vaden used a knife.

Here, we do have a partial jury verdict on the pertinent question, establishing that there was *either* a deadly weapon or force likely to produce great bodily injury. The harmless error question is therefore narrowed to whether there was any possibility that the jury would have found the latter rather than the former had the question been put to it. There is not.

There was testimony from the arresting officer that Vaden had the knife in his jacket pocket when he was arrested, and the knife itself was admitted into evidence. Moreover, the prosecutor expressly foreclosed reliance on the "force likely" prong in his closing argument, arguing to the jury that it should base its

---

[1] California Penal Code § 1192.7(c)(23) defines a serious felony as "any felony in which the defendant personally used a dangerous or deadly weapon."

guilty verdict on the "deadly weapon" prong.

Finally, if one construes defense counsel's remarks in closing argument that Petitioner only committed misdemeanor assault as contesting the use of a knife, the jury clearly rejected that contention, as it found the felony alleged. Therefore, there is essentially no possibility that the jury found that the assault was with force likely to produce great bodily injury rather than with a knife.

Petitioner has not raised evidence sufficient to support any finding other than that he used a knife. *See Zepeda-Martinez*, 470 F.3d at 913.

**AFFIRMED.**

4