**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50349 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02838-LAB-1 |
| v. | |
| JORGE MARISCAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 6, 2012[**]
Pasadena, California

Before: REINHARDT, SILVERMAN, and NGUYEN, Circuit Judges.

Following a bench trial, Appellant Jorge Mariscal ("Mariscal") was

convicted of violating 8 U.S.C. § 1326(a), which prohibits an alien from illegally

reentering the United States after he previously left the country while an order of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal was outstanding. On appeal, Mariscal argues that the government failed to sufficiently prove his prior physical departure.

Where a party on appeal challenges the sufficiency of the evidence, we view the evidence "in the light most favorable to the prosecution," and then determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Carranza*, 289 F.3d 634, 641–42 (9th Cir. 2002) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Appellant relies heavily on *United States v. Arias-Ordonez*, 597 F.3d 972, 978 (9th Cir. 2009), where we held that if the government seeks to rely on a notice of reinstatement to remove an alien, the defendant must have an opportunity to challenge the underlying order of removal. Here, however, Mariscal does not dispute the validity of the underlying 2007 Order of Removal. Therefore, we need not determine whether the 2010 Notice of Reinstatement was valid.

Similarly, Mariscal does not dispute the validity of the 2010 Warrant of Removal, dated September 8, 2010, which contains Mariscal's fingerprints and the sworn statement of an immigration officer stating that he removed Mariscal to Mexico "on foot" that day. Therefore, the district court properly found that the government sufficiently proved Mariscal's physical departure beyond a reasonable doubt. *See United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006)

2

(warrant of removal "sufficient *alone* to support a finding of removal beyond a reasonable doubt") (emphasis added) (citing *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005) (warrant of removal "provided sufficient evidence of physical removal")).

**AFFIRMED.**