NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL JAMES MONTES,<br><br>Petitioner-Appellant,<br><br>v.<br><br>JEFFREY A. BEARD,<br><br>Respondent-Appellee. | No. 16-56061<br><br>D.C. No.<br>5:15-cv-00330-FMO-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted August 7, 2017**
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and FABER,*** District
Judge.

Petitioner Michael Montes ("Petitioner") appeals from the district court's

denial of his petition for a writ of habeas corpus. As the parties are familiar with

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Faber, United States District Judge for the
Southern District of West Virginia, sitting by designation.

the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1. The district court did not err in denying the petition because the *Apprendi*[1] error is harmless.[2] Petitioner argues that the California Superior Court imposed an unconstitutional sentence under counts three and four when it applied California Penal Code section 186.22(b)(4)(C)'s sentencing enhancement based on facts not found by the jury beyond a reasonable doubt—namely, that Petitioner attempted to dissuade Michael Pedroza and Dylan Valencia from reporting a robbery and that the attempt was "accompanied by an express or implied threat of force." *See People v. Lopez*, 146 Cal. Rptr. 3d 113, 123 (Ct. App. 2012). Here, the jury was not asked to find whether Petitioner made such threats against Pedroza or Valencia. Accordingly, the California Superior Court's imposition of section 186.22(b)(4)(C)'s sentencing enhancement constituted *Apprendi* error. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] We review Petitioner's *Apprendi* claim de novo because the California Superior Court's April 9, 2014 opinion, the state's last reasoned opinion, did not address the claim on the merits. *See Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

2

However, the error is harmless.  "A properly preserved *Apprendi* error is reviewed for harmless error."  *United States v. Guerrero-Jasso*, 752 F.3d 1186, 1193 (9th Cir. 2014).  On direct appeal, "an error is harmless if the court finds beyond a reasonable doubt that the result would have been the same absent the error."  *United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006) (internal quotation marks omitted).  On collateral review, an error is harmless unless "the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict."  *Davis v. Ayala*, 135 S. Ct. 2187, 2197-98 (2015) (internal quotation marks and citation omitted).

Here, Pedroza unambiguously testified that after Petitioner robbed him, Petitioner threatened to kill him if he told the police.  Additionally, the record clearly shows that the threat of force was, at a minimum, implied to Valencia.  After Petitioner "jacked" his phone, Valencia did not attempt to take it back because he was afraid that he would be "jumped."  Furthermore, as Petitioner was threatening Pedroza and punching him in the face multiple times, all of which occurred in front of and within ear shot of Valencia, Valencia did not attempt to assist Pedroza because one of Petitioner's associates told Valencia not to help while reaching under his shirt as if he had a gun.  Under these circumstances, we have no doubt, much less grave doubt, that the jury would have found that

Petitioner attempted to dissuade Valencia from reporting the robbery to law enforcement and that the attempt was accompanied by an implied or express threat of force.

2. Petitioner has not made "a substantial showing of the denial of a constitutional right" so as to expand the certificate of appealability to include his ineffective assistance of counsel claim. *See* 28 U.S.C. § 2253(c)(2); Ninth Circuit Rule 22-1(e). Petitioner argues that his appellate counsel provided ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to raise the *Apprendi* error on direct appeal. As explained above, the *Apprendi* error is harmless, even under a direct-appeal standard. It therefore follows that Petitioner was not prejudiced by his appellate counsel's failure to raise it on direct appeal.

This conclusion is not altered by the two state-court cases cited by Petitioner. The Supreme Court has declared that "*Apprendi* errors are reviewed under the harmless error standard in *Neder v. United States*, 572 U.S. 1, 119 S. Ct. 1827, 144 L.Ed.2d 35 (1999)." *Zepeda-Martinez*, 470 F.3d at 913. The fact that two state-court cases have deviated from this rule and remanded for resentencing in light of *Apprendi* error without engaging in harmless error review is of no consequence, as we presume that any state court that would have heard Petitioner's *Apprendi* challenge on direct appeal would "know and follow the law." *Reyes v.*

4

*Lewis*, 833 F.3d 1001, 1010 (9th Cir. 2016) (citation omitted).

**AFFIRMED.**