NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30023 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00115-SLG-1 |
| v. | |
| STEPHEN CHRISTOPHER HOWE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted December 7, 2020[**]
Seattle, Washington

Before:  McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,[***]
District Judge.

Stephen Howe challenges his convictions, following a bench trial, for

attempted production of child pornography (Count 1), attempted receipt of child

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

pornography (Count 2), attempted enticement of a minor (Count 3), and attempted transfer of obscene matter to a minor (Count 5). He also challenges his sentence for possession of child pornography (Count 4), for which he entered a guilty plea. We affirm his convictions and sentence.

**1**. Sufficient evidence supports the district court's finding that Howe believed J.T. was a minor, a required element of Counts 1, 2, 3, and 5. 18 U.S.C. §§ 2251(a), 2252(a)(2), 2422(b), 1470; *see United States v. Cherer*, 513 F.3d 1150, 1154 (9th Cir. 2008). Evidence is sufficient if, when viewed "in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018). The undercover agent posing as J.T. repeatedly stated that he was underage and gave corroborating details—for example, that he was a freshman in high school and lived with his mother and twelve-year-old brother. At numerous points in the conversation, Howe indicated that he believed J.T.'s claims about being a minor, describing to J.T. why older men are attracted to adolescent boys and expressing concern about the illegality of his actions. This evidence is sufficient to establish that Howe believed J.T. was a minor. *See Cherer*, 513 F.3d at 1155.

**2.** As to Howe's sentence on Count 4, the government concedes that an *Apprendi* error occurred when Howe was sentenced to 15 years on Count 4 when

the statutory maximum based on the facts alleged in the indictment was 10 years. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). The government's argument that the invited error doctrine precludes review is unavailing. Howe did not "intentionally relinquish[]" his right to be sentenced under the proper statutory maximum. *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

Howe failed to object to imposition of the 15-year sentence below, so we review for plain error. *United States v. Covian-Sandoval*, 462 F.3d 1090, 1093 (9th Cir. 2006). Howe fails to satisfy the plain error standard because the district court's error in sentencing on Count 4 was harmless. *See United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006) (holding that *Apprendi* violations are subject to harmless error review). Howe was sentenced to fifteen years of imprisonment to be served concurrently on Counts 1 through 4, so his sentence would remain the same even if he were to be resentenced on Count 4.

**AFFIRMED.**