**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abel CERVANTES–VALERO,**
**Defendant–Appellant.**

**No. 08–30132.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 26, 2009.

Byron G. Chatfield, USME–Office of the U.S. Attorney, Medford, OR, Plaintiff–Appellee.

Tonia L. Moro, FPDOR—Federal Public Defender's Office, Medford, OR, for Defendant–Appellant.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Abel Cervantes–Valero appeals from the 30–month sentence imposed following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cervantes–Valero contends that the district court procedurally erred by: (1) failing to adequately explain the sentence;

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

and (2) failing to consider the sentencing factors under 18 U.S.C. § 3553(a). We conclude that the district court did not procedurally err. *See United States v. Perez–Perez,* 512 F.3d 514, 516 (9th Cir.2008); *see also United States v. Carty,* 520 F.3d 984, 992, 995–96 (9th Cir.2008) (en banc).

Cervantes–Valero also contends that the sentence is substantively unreasonable in light of various factors under § 3553(a). We conclude that the sentence is substantively reasonable in light of the totality of the circumstances. *See Carty,* 520 F.3d at 993.

Finally, Cervantes–Valero contends that, under the doctrine of constitutional avoidance, the statutory maximum for his offense is two years because the fact of his prior conviction was neither submitted to a jury nor admitted in a guilty plea, and the necessary level of proof required by the Sixth Amendment is an open question. This contention is foreclosed. *See United States v. Zepeda–Martinez,* 470 F.3d 909, 912 (9th Cir.2006); *see also United States v. Grisel,* 488 F.3d 844, 846–47 (9th Cir. 2007) (en banc).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.