**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50563 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03799-JLS-1 |
| v. | |
| AGUSTIN VAZQUEZ-ALCALA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 10, 2010
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Agustin Vazquez-Alcala appeals the sentence imposed following his guilty

plea to illegal reentry after removal, 8 U.S.C. § 1326(a), asserting *Apprendi* error,

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), because the date of his removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

was neither proven by the government nor admitted by him. We agree and, accordingly, vacate the sentence and remand for resentencing.

The indictment charged Vazquez under 8 U.S.C. §§ 1326(a) and (b) and alleged that he was "removed from the United States subsequent to December 19, 1996." However, during the plea colloquy, the date of removal was not admitted by Vazquez; nor was it necessary for the magistrate judge to elicit the date of removal as it is not an essential element of a violation of § 1326(a). *Almendarez-Torres v. United States*, 523 U.S. 224, 227 (1998) (concluding that facts listed in § 1326(b) are sentencing factors and not elements of a separate offense); *United States v. Cazares*, 121 F.3d 1241, 1248 (9th Cir. 1997) ("[T]he effect of a guilty plea [is limited] to an admission of the facts essential to the validity of the conviction."). Despite the omission from the plea colloquy of any mention of a removal date, the magistrate judge found in its Findings and Recommendation that Vazquez was "removed from the United States after December 19, 1996." Although there was no evidentiary basis for this finding, Vazquez did not object at the time.

The district court accepted the plea of guilty, which lacked a factual predicate for a sentencing enhancement under § 1326(b), *United States v. Zepeda-Martinez*, 470 F.3d 909, 913 (9th Cir. 2006), and was defective under Rule

11, *see* Fed. R. Crim. P. 11(b)(1)(G), (b)(3); *United States v. Minore*, 292 F.3d 1109, 1115–17 (9th Cir. 2002) (citing *Henderson v. Morgan*, 426 U.S. 637 (1976)).

The presentence report recommended that Vazquez's offense level be enhanced for removal after a conviction for a drug trafficking offense. Vazquez objected on the ground that the government had failed to prove, and he did not admit, that he was removed after December 19, 1996, following his conviction for a drug trafficking offense. Because the temporal relation between a removal and a prior conviction is a fact that must be proven beyond a reasonable doubt at trial or admitted by the defendant, *United States v. Covian-Sandoval*, 462 F.3d 1090, 1098 (9th Cir. 2006), the district court committed *Apprendi* error when it enhanced Vazquez's sentence under § 1326(b).

Although the government possessed Vazquez's warrant of removal, and could readily have introduced it to meet its burden of proof, it failed to do so.[1] Thus, the *Apprendi* error was not harmless because the court lacked "overwhelming and uncontroverted" evidence demonstrating the date of removal. *United States v. Salazar-Lopez*, 506 F.3d 748, 755 (9th Cir. 2007); *Zepeda-*

---

[1] We deny the government's belated effort to introduce the warrant of removal on appeal via its "motion to supplement the record and take judicial notice."

3

*Martinez*, 470 F.3d at 913.  Therefore, we must vacate the sentence and remand to the district court for resentencing.

The district court did not err by failing to rule on Vazquez's objections to the presentence report because "[o]nly specific factual objections trigger Rule 32(i)(3)(B)." *United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008).

We remand for resentencing on an open record.  *United States v. Matthews*, 278 F.3d 880, 885–87 (9th Cir. 2002) (en banc).

**VACATED** and **REMANDED**.