*303 LIPEZ, Circuit Judge,
concurring.
In analyzing the complex issues in this case, I became aware of the significant inconsistency in the way courts have reviewed for harmlessness the failure to instruct on an element of a crime. I write separately to express my concern regarding this inconsistency, which exists within my circuit and in other courts, and the potentially unconstitutional applications of Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), that have resulted from it. Given that the Sixth Amendment right to a jury trial is at stake, I urge the Supreme Court to clarify the line between an unconstitutional, directed guilty verdict and a harmless failure to instruct on an element.
I.
A constitutional error is harmless where the reviewing court concludes “ ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained,’ ” i.e., “that the jury verdict would have been the same absent the error.” Neder, 527 U.S. at 15, 17, 119 S.Ct. 1827 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).[23] Neder expressly states that a “jury verdict would have been the same absent” a failure to instruct on an element, “where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence.” Neder, 527 U.S. at 17, 119 S.Ct. 1827 (emphasis added). Hence, since we have concluded beyond a reasonable doubt that the threshold five kilogram cocaine quantities were both uncontested by Pizarro and supported by overwhelming evidence, Neder mandates our conclusion here that the errors under Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), were harmless.
Neder, however, did not unequivocally answer whether its two-part formulation for finding an omitted element harmless in Neder’s case — that the element was both uncontested and supported by overwhelming evidence — was merely descriptive of the circumstances in Neder itself or also prescriptive for any finding of harmlessness where an element was omitted. In Neder, the jury instructions for the charge of filing a false income tax return did not include the element of materiality. Neder, 527 U.S. at 6, 119 S.Ct. 1827. The evidence showed that Neder failed to report over five million dollars in income on his tax returns. Id. at 16, 119 S.Ct. 1827. The Court described two available standards *304 for materiality[24] and concluded that “[u]nder either of these formulations, no jury could reasonably conclude that Neder’s failure to report substantial amounts of income on his tax returns was not ‘a material matter.’” Id. The Court then explained:
The failure to report such substantial income incontrovertibly establishes that Neder’s false statements were'material to a determination of his income tax liability. The evidence supporting materiality was so overwhelming, in fact, that Neder did not argue to the jury — and does not argue here — that his false statements of income could be found immaterial.
Id. at 16-17,119 S.Ct. 1827.
The Court ultimately declared its holding using the formulation quoted above, concluding that “[i]n this situation, where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless.” Id. at 17, 119 S.Ct. 1827. Notwithstanding the conjunctive “and” linking “uncontested” and “supported by overwhelming evidence,”[25] courts have taken inconsistent positions on whether a defendant’s contest of an omitted element, even one supported by overwhelming evidence, renders the omission non-harmless. In addition, Neder left unresolved the related question of what a defendant is required to do to “contest” the omitted element under Neder. In my view, Neder, especially when analyzed against the backdrop of the Supreme Court’s cases regarding directed guilty verdicts, requires that an omitted element be uncontested in order to be found harmless. However, this circuit has not uniformly approached the question, and there is significant inconsistency among the circuits and state courts.
A. The Debate over “Uncontested”
1. Inconsistency in this Circuit
In certain cases, our harmlessness inquiry has examined both whether the omitted element was uncontested and whether it was supported by overwhelming evidence. See, e.g., United States v. Harakaly, 734 F.3d 88, 95-96 (1st Cir.2013) (finding omission harmless whére overwhelming evidence supported omitted element of threshold drug quantity and defendant, instead of contesting that threshold quantity, “acknowledged responsibility for a quantity of drugs that far exceeds the triggering amount”); United States v. Zhen Zhou *305 Wu, 711 F.3d 1, 20 (1st Cir.2013) (“But here, the defendants did contest the prosecution’s claim[,] ... thus making this case different from Neder.”)-, United States v. Nelson-Rodriguez, 319 F.3d 12, 48-51 (1st Cir.2003) (finding preserved Apprendi errors harmless after concluding that defendants did not contest omitted element and that overwhelming evidence supported element); United States v. Bailey, 270 F.3d 83, 89 (1st Cir.2001) (“The error cannot be harmless where, as here, the defendant has contested the omitted element and the evidence is sufficient to support a contrary finding.”).
Our cases that have performed this dual inquiry, however, have not made clear whether a defendant’s contest of an omitted element precludes a finding of harmlessness, or whether such a contest is merely relevant to the harmlessness inquiry, but not determinative of it. In United States v. Prigmore, 243 F.3d 1 (1st Cir.2001), we indeed contemplated that a defendant’s contest of an omitted element might itself preclude a finding of harmlessness. See id. at 22 (“Unlike Neder, the government’s evidence ... was contested by the defendants; as we have stated, defendants introduced testimonial evidence [to the contrary].... Given Neder’s repeated emphasis on the ‘uncontested’ nature of the evidence of materiality in that case, the contested nature of the ... evidence in this case might well suffice to distinguish it from Neder in ánd of itself.” (citation omitted)). However, we did not need to decide the question because the contested element was not supported by overwhelming evidence. Id.
Conversely, other cases in this circuit seem to have equated harmlessness solely with overwhelming evidence. See, e.g., United States v. Soto-Beníquez, 356 F.3d 1, 48 (1st Cir.2004) (“In determining whether an Apprendi error is harmless, the determinative question is whether the evidence overwhelmingly establishes the amount of drugs distributed by the conspiracy as a whole.”); United States v. Pérez-Ruiz, 353 F.3d 1, 18 (1st Cir.2003) (citing Nelson-Rodriguez, 319 F.3d at 45-49, and Bailey, 270 F.3d at 89 — cases that had themselves considered whether the omitted element was uncontested — for the principle that “[i]n drug-trafficking cases involving Apprendi errors, we sometimes have treated the presence of ‘overwhelming evidence’ of the requisite drug types and quantities as a proxy for harmlessness”).
Still other cases appear to have taken an ambivalent stance, focusing the analysis primarily on whether overwhelming evidence supported the omitted element, but also considering whether the element was uncontested. See, e.g., United States v. Martinez-Medina, 279 F.3d 105, 121-22 (1st Cir.2002) (explaining that “[n]either appellant seriously denies that the conspiracy involved at least five kilograms of cocaine” but also that “it is settled that an Apprendi error can be harmless where the evidence overwhelmingly establishes the minimum drug quantity-needed to justify a higher statutory maximum”).
2. Inconsistency Among Other Circuits
This circuit’s internal inconsistency mirrors the inter-circuit conflict on the interpretation of Neder. I cite cases from the Ninth, Eleventh, Second, and Fourth Circuits as examples.
Earlier this year, the Ninth Circuit, applying the Neder standard, held that an Apprendi error was not harmless beyond a reasonable doubt because the defendant had contested the omitted element. See United States v. Guerrero-Jasso, 752 F.3d 1186, 1193-95 (9th Cir.2014). Despite finding the evidence supporting the omit *306 ted element to be “somewhat similar” to evidence the court had found to be “overwhelming” in a prior case, the Ninth Circuit held that Guerrero-Jasso’s contest of the omitted element precluded a finding of harmlessness beyond a reasonable doubt. Id. at 1194. Further, although Neder stated that a court could not find harmless error “’for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding,’ ” the Ninth Circuit held that Guerrero-Jasso was not required affirmatively to raise evidence sufficient to support a contrary finding because “[t]he example provided in Neder [was] not the only way a constitutional error can be ruled not harmless; it [was] one way.” Guerrero-Jasso, 752 F.3d at 1195 (quoting Neder, 527 U.S. at 19, 119 S.Ct. 1827).
By contrast, the Eleventh Circuit on remand in Neder interpreted the Supreme Court’s decision as “not holding] that omission of an element can never be harmless unless uncontested.” United States v. Neder, 197 F.3d 1122, 1129 (11th Cir.1999). Rather, the Eleventh Circuit construed the Supreme Court’s statements regarding “uncontested” as “meaning] only that the fact materiality was not contested supported] the conclusion that the jury’s verdict would have been the same absent the error.” Id. at 1129 n. 6. Hence, the court concluded “whether Neder contested materiality may be considered but is not the pivotal concern.” Id. at 1129.
The Second Circuit has taken a different position, holding that under Neder contesting an omitted element does not by itself render the omission non-harmless but requires a multi-step analysis. In the Second Circuit, “ ‘if the evidence supporting the omitted element was controverted, harmless error analysis requires the appellate court to conduct a two-part inquiry, searching the record in order to determine (a) whether there was sufficient evidence to permit a jury to find in favor of'the defendant on the omitted element, and, if there was, (b) whether the jury would nonetheless have returned the same verdict of guilty.’ ” United States v. Needham, 604 F.3d 673, 679 (2d Cir.2010) (quoting United States v. Jackson, 196 F.3d 383, 386 (2d Cir.1999)).[26]
The Fourth Circuit has in turn expressly rejected the Second Circuit’s approach in favor of yet another. In the Fourth Circuit, “if the defendant contested the omitted element, Neder mandates a second inquiry. In that event, we must determine whether the ‘record contains evidence that could rationally lead to a contrary finding with respect to that omitted element.’ ” United States v. Brown, 202 F.3d 691, 701 (4th Cir.2000) (quoting Neder, 527 U.S. at 19, 119 S.Ct. 1827).
*307 3. Criticism in the State Courts
Several state supreme courts have held that their state constitutions provide a broader jury trial guarantee than Neder recognized in the federal Constitution. See, e.g., Harrell v. State, 134 So.3d 266, 270-75 (Miss.2014) (holding under the Mississippi Constitution “that it is always and in every case reversible error for the courts of Mississippi to deny an accused the right to have a jury decide guilt as to each and every element”); State v. Kousounadis, 159 N.H. 413, 986 A.2d 603, 616 (2009) (“Neder, however, has been widely criticized, and we decline to follow it with regard to our interpretation of the New Hampshire Constitution.”).
In addition, at least one state court has suggested that Neder’s application of harmless error analysis to cases where the jury did not make a finding of guilt beyond a reasonable doubt on all elements will be “short-lived” given the Supreme Court’s Sixth Amendment jurisprudence, starting with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), emphasizing the need for jury findings. See Freeze v. State, 827 N.E.2d 600, 605 (Ind.Ct.App.2005) (“We believe the validity of Neder might be short-lived, in light of the seismic shift in the Supreme Court’s Sixth Amendment jurisprudence since 1999.”).
B. My View of “Uncontested”
1. The Unconstitutional Directed Guilty Verdict
The Supreme Court has long recognized that “trial by jury in criminal cases is fundamental to the American scheme of justice.” Duncan v. Louisiana, 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The “intended purpose” of a jury trial in a criminal case is to “mak[e] judicial or prosecutorial unfairness less likely”: “[providing an accused with the right to be tried by a jury of his peers gave him an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge.” Id. at 158, 156, 88 S.Ct. 1444. See also United States v. Martin Linen Supply Co., 430 U.S. 564, 572, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977) (“[Jurors’] overriding responsibility is to stand between the accused and a' potentially arbitrary or abusive Government that is in command of the criminal sanction.”). It is a defendant’s right to “prefer[ ] the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge.” Duncan, 391 U.S. at 156, 88 S.Ct. 1444. The jury system also serves as “a fundamental reservation of power in our constitutional structure” for the people to exercise “control in the judiciary.” Blakely v. Washington, 542 U.S. 296, 306, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Hence, “a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction.” Martin Linen Supply Co., 430 U.S. at 572-73, 97 S.Ct. 1349 (citations omitted).
Against this background, the Supreme Court considered in Connecticut v. Johnson, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), whether harmless error review was appropriate for a jury instruction that unconstitutionally shifted the burden of proof on intent.[27] The Court divided *308 equally on the question.[28] The plurality, consisting of four justices, asserted that the instruction on presumed intent was “the functional equivalent of a directed verdict” on intent and, therefore, could not be harmless unless the defendant had conceded intent. Id. at 84, 87, 103 S.Ct. 969 (plurality opinion).[29]
The Johnson dissent, also consisting of four justices, agreed with the plurality that an instruction that “permits a jury to convict a defendant without ever examining the evidence concerning an element of the crimes charged” would have “the effect of a directed verdict.” Id. at 96, 103 S.Ct. 969 (Powell, J., dissenting) (internal quotation marks omitted). The dissent likewise agreed that such an “instructional error[ ] that prevents] a jury from considering an issue,” id. at 95 n. 3, 103 S.Ct. 969, would preclude harmless error review. See id. at 97, 103 S.Ct. 969. Justice Powell’s dissent disagreed only with the plurality’s classification of the presumption instruction as the equivalent of a directed verdict. Id. at 95-97, 103 S.Ct. 969. The dissent viewed the. presumption instruction as “distinguishable from other instructional errors that prevent a jury from considering an issue.” Id. at 95 n. 3, 103 S.Ct. 969. It therefore concluded that “[bjeeause the presumption does not remove the issue of intent from the jury’s consideration, it does not preclude a reviewing court from determining whether the error was harmless beyond a reasonable doubt.” Id. at 97, 103 S.Ct. 969 (internal quotation marks omitted).
In Rose v. Clark, 478 U.S. 570,106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), the Supreme Court ultimately sided with the position of the Johnson dissent that harmless error review was appropriate for an improper presumption instruction on intent. The Court justified its conclusion by explaining that “[wjhen a jury is instructed to presume malice from predicate facts, it still must find the existence of those facts beyond a reasonable doubt.” Rose, 478 U.S. at 580, 106 S.Ct. 3101. Hence, the Court reasoned that “ ‘[bjeeause a presumption does not remove the issue of intent from the jury’s consideration, it is distinguishable from other instructional errors that prevent a jury from considering an issue,’ ” a situation that, according to the Court, would amount to “a directed verdict for the State.” Id. at 580 & n. 8, 106 S.Ct. 3101 (quoting Johnson, 460 U.S. at 95 n. 3, 103 S.Ct. 969 (Powell, J., dissenting)). Rose observed, consistent with both the Johnson plurality and dissent, that harmless error review “presumably would not apply” in such a case:
[Hjarmless-error analysis presumably would not apply if a court directed a verdict for the prosecution in a criminal trial by jury. We have stated that “a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict ... regardless of how overwhelmingly *309 the evidence may point in that direction.” This rule stems from the Sixth Amendment’s clear command to afford jury trials in serious criminal cases. Where that right is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant’s guilt; the error in such a case is that the wrong entity judged the defendant guilty.
Id. at 578, 106 S.Ct. 3101 (citations omitted) (quoting Martin Linen Supply Co., 430 U.S. at 572-73, 97 S.Ct. 1349).[30]
2. The “Narrow Class of Cases” Where an Omitted Element is “Uncontested”
Having decided Rose by distinguishing the improper presumption instruction in that case from an “instructional error[] that prevents a jury from considering an issue,” i.e., one that directs a verdict, for which “harmless-error analysis presumably would not apply,” the Court was presented in Neder with such a directed verdict. In Neder, the trial court had “explicitly directed the jury not to consider” the element of materiality. Neder, 527 U.S. at 16 n. 1, 119 S.Ct. 1827. Thus, unlike in Rose, it would be “incorrect to say that the jury made such a finding.” Id.
For this reason,, Justice Scalia’s dissent in Neder, joined by' Justices Souter and Ginsburg, asserted that holding the omission of the materiality element harmless was tantamount to allowing a directed verdict of guilty, which, under Rose, “would be per se reversible no matter how overwhelming the unfavorable evidence.” Neder, 527 U.S. at 34, 119 S.Ct. 1827 (Sealia, J., dissenting) (citing Rose, 478 U.S. at 578, 106 S.Ct. 3101). The Neder majority responded by reaffirming the Rose rule against allowing directed verdicts of guilty “regardless of how overwhelmingly the evidence may point in that direction,” Rose, 478 U.S. at 578, 106 S.Ct. 3101 (internal quotation marks omitted). See Neder, 527 U.S. at 17 n. 2, 119 S.Ct. 1827. At the same time, Neder prescribed harmless-error review for “the narrow class of cases” where there was “a failure to charge on an uncontested element of the offense.” Neder, 527 U.S. at 17 n. 2, 119 S.Ct. 1827 (emphases added).
Hence, the Court evidently used the requirement that the omitted element be “uncontested” to justify departing from its repeated statements that harmless error review would be unavailable where a court had directed a jury verdict of guilty in a criminal case. The Court emphasized that it was not taking an “ ‘in for a penny, in for a pound’ approach” — i.e., by permitting harmless error review where the omitted element was uncontested, the Court was carving out an extremely limited exception to its bar against reviewing directed guilty verdicts for harmlessness. See id.
*310 In addition, having justified harmless error review for the flawed presumption instruction in Rose by distinguishing that error from the omission of an element, the Court demonstrated its intention to treat the two types of error differently. In Neder, where the Court confronted the outright omission of an element, the majority adopted the “uncontested and ... overwhelming evidence” formulation for analyzing whether “the jury verdict would have been the same absent the error,” i.e., whether the error was harmless. Neder, 527 U.S. at 17, 119 S.Ct. 1827 (emphasis added). Indeed, the rule against allowing directed verdicts, explicitly reaffirmed in Neder, 527 U.S. at 17 n. 2, 119 S.Ct. 1827, implicitly prohibits a reviewing court from finding harmlessness on the basis of overwhelming evidence alone.
In sum, given this precedential landscape, I am convinced that the Court deliberately chose to make the harmlessness inquiry more demanding where an element was omitted. Hence, I think the Court in Neder intentionally prescribed the two-pronged inquiry requiring consideration of whether the omitted element was uncontested and whether the record contained overwhelming evidence of that element, and only when both prongs are met can a reviewing court conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error. Indeed, the Court emphasized the importance of “uncontested” to that inquiry: it listed “uncontested” as the first of the two necessary factors, see id. at 17, 119 S.Ct. 1827, and it examined and re-examined whether Neder had contested the omitted element of materiality, see id. at 15, 16-17, 17 n. 2, 19, 119 S.Ct. 1827.
Thus, even where a reviewing court concludes beyond a reasonable doubt that an omitted element is supported by overwhelming evidence, I believe that the omission of that element is not harmless unless the court also concludes beyond a reasonable doubt that the element was “uncontested.”
3. The Meaning of “Uncontested”
In addressing the “uncontested” requirement in Neder, the Supreme Court noted that the defendant had made no attempt at trial or on appeal to argue the issue of materiality, id. at 19, 119 S.Ct. 1827, and that he did “not suggest that he would introduce any .evidence bearing upon the issue of materiality if so allowed,” id. at 15, 119 S.Ct. 1827. It further observed that Neder “apparently could not[ ] bring forth facts contesting the omitted element.” Id. at 19, 119 S.Ct. 1827.
The Court thus remarked on the defendant’s failure to argue the materiality issue at any point in the proceedings. Given those circumstances, Neder did not explicitly elaborate on what would have been sufficient to “contest” the omitted element. Indeed, Neder did not definitively answer whether an element would be deemed “contested” if a defendant waited until appeal to argue for the first time that a contrary finding on the element was possible.
Moreover, as discussed above, the plurality in Johnson had taken the position that a directed verdict on an issue “may be harmless if the defendant conceded the issue.” See Johnson, 460 U.S. at 87, 103 S.Ct. 969 (plurality opinion). On the one hand, the Court’s articulation of Neder’s trial strategy could possibly be construed as such a concession of the omitted element.[31] However, the Court used the *311 word “uncontested,” not “conceded,” and the Court focused on the fact that Neder “did not argue to the jury — and does not argue here — that his false statements of income could be found immaterial.” Neder, 527 U.S. at 16, 119 S.Ct. 1827 (emphases added). Hence, in the opinion in this case, we have construed “uncontested” to mean that the defendant did not argue that a contrary finding on the omitted element was possible. We thus found the omitted drug quantity elements “uncontested” due to Pizarro’s lack of affirmative argument on the issue.
4. “Uncontested” in the Context of Instructional Alleyne Errors
Given Pizarro’s lack of argument on appeal, we were able to resolve this case without considering whether an argument made for the first time on appeal “contests” an omitted element. However, I believe that an instructional Alleyne error that occurred before Alleyne was decided cannot be deemed “uncontested,” and thus susceptible to a finding of harmless error, based solely on a defendant’s failure to address the omitted element at trial.
Until the Supreme Court held in Alleyne that facts" triggering a mandatory minimum sentence must be found by a jury beyond a reasonable doubt, Pizarro had no obligation or incentive to discuss evidence of drug quantity.[32] Therefore, if Pizarro had contested the drug quantity elements on appeal, I would have found no need to examine whether he had also challenged the elements at trial. In my view, he could not have been faulted for failing to contest an issue at trial that was not, in fact, in play at that time. Cf. Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2289, 186 L.Ed.2d 438 (2013) (“A defendant, after all, often has little incentive to contest facts that are not elements of the charged offense — and may have good reason not to. At trial, extraneous facts may confuse the jury. (Indeed, the court may prohibit them for that reason.)”). At least where, as here, the defendant had no reason to think that drug quantity mattered with respect to conviction, I conclude that he could not be faulted for failing to contest the issue at trial. Where a defendant’s trial occurred preAlleyne, his obligation to contest the element of drug quantity can only arise when he first confronts the government’s assertion of harmless error.
I recognize that this conclusion means that, in cases involving gcce-Alleyne trials on .direct appeal, a defendant would almost always be able to contest drug quantity and avoid a finding of harmless error. On appeal, or in resentencing proceedings before the district court — if that is where the government first asserts harmless error— the defendant would only have to make an argument that could, as a. theoretical matter under the law, negate the omitted element. A challenge to the credibility of witnesses niight suffice.
Yet I do not find problematic the ease of such a showing. First, “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *312 The burden is on the government to show that the constitutional error was harmless beyond a reasonable doubt. See Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 744, 178 L.Ed.2d 649 (2011) (citing Neder, 527 U.S. at 18, 119 S.Ct. 1827). This is a significant burden: “It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves people in doubt whether innocent men are being condemned.” In re Winship, 397 U.S. at 364, 90 S.Ct. 1068; see id. (“It is also important in our free society that every individual going ábout his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty.”).
Second, in Neder, the Supreme Court remarked that upholding verdicts flawed solely by the absence of a jury finding on an uncontested element that is supported by overwhelming evidence “ ‘serve[s] a very useful purpose insofar as [it] block[s] setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial.’ ” Neder, 527 U.S. at 19, 119 S.Ct. 1827 (quoting Chapman, 386 U.S. at 22, 87 S.Ct. 824 (alterations in original)). That concern, to the extent it influenced the majority’s decision in Neder, is not present in the Alleyne instructional error context because the non-harmless omission of a jury finding on the drug quantity elements for the conspiracy and possession counts would not negate a finding of guilt.[33] In cases such as Pizarro’s, it would merely change the defendant’s sentencing exposure, reducing the maximum sentence to a still substantial twenty years of imprisonment for conviction on a lesser-included offense.[34]
II.
Despite the compelling reasons for concluding that an omitted element cannot be harmless under Neder unless the reviewing court concludes beyond a reasonable doubt that the element was both uncontested and supported by overwhelming evidence, there is troubling inconsistency in the courts. The importance of the issue is self-evident. At stake is a criminal defendant’s constitutional right to trial by jury. I therefore urge the Supreme Court (1) to clarify that Neder requires a reviewing court to conclude beyond a reasonable doubt that an omitted element is uncontested before the omission can be found harmless and (2) to explain what a defendant must do and when he or she must do it in order to contest the omitted element to preclude a finding of harmlessness.

. My colleague incorrectly states in his concurrence that I have rejected the Chapman harmless error standard as applicable to this case. To the contrary, I fully embrace use of the Chapman standard here. My view, as elaborated below, is that the Chapman standard has a unique application where the error asserted is the failure to obtain a jury verdict on an element of the crime.
The misunderstanding of my view is reflected in the hypothetical offered in Section VI of the responding concurrence. As I interpret Neder, that hypothetical could not happen. The proposed scenario assumes that a reviewing court could conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error even where the defendant contested the omitted element. Under piy reading of Supreme Court precedent, however, a court could only reach such a conclusion about the jury’s verdict if it determined that the evidence on the omitted element was overwhelming and that the element was uncontested.
Importantly, and also contrary to my colleague’s representations, my view does not derive “almost entirely from a single quote from Neder." It is based on both a careful analysis of the Neder decision and on longstanding principles developed in the Court’s precedent on directed guilty verdicts.

. Under one formulation, "a false statement is material if it has a natural tendency to influence, or [is] capable of influencing, the decision of the decisionmaking body to which it was addressed.’’ Neder, 527 U.S. at 16, 119 S.Ct. 1827 (alteration in original) (internal quotation marks omitted). Under the other definition, "any failure to report income is material.” Id. (internal quotation marks omitted).

. My concurring colleague asserts that I have unduly relied on the conjunctive "and” as used by th'e Supreme Court in this passage from Neder while ignoring the arguably inconsistent parallel use of that word later in the opinion. While the conjunctive formulation I describe here is important to my analysis, my view of the harmless error analysis in Neder is based on the entire opinion construed against the backdrop of the Supreme Court’s precedent on directed guilty verdicts.
Moreover, in contrast to the Court’s statement of its holding as quoted here, the later use of “and” highlighted by my colleague is explicitly offered as an "example.” See Neder, 527 U.S. at 19, 119 S.Ct. 1827. Nonetheless, I have acknowledged that Neder’s language is susceptible to my colleague's reading despite my view that, in light of Supreme Court precedent, that reading cannot be correct.

. The Second Circuit has been internally inconsistent in its own stance on Neder, expressing, after Jackson, a belief that there is "some tension between the harmless-error analysis in Neder and our articulation of it in Jackson
... Neder appears to say that, once the court decides that the defendant offered evidence sufficient to support a finding in ' his or her favor on the omitted element, the court's error in omitting that element from the jury instruction cannot be deemed harmless, unless, for example, other conclusions by the same jury are the functional equivalent of a finding of the omitted element. Jackson, on the other hand, seems to allow the court to decide on its own whether the jury would have convicted the defendant, even where the evidence can support a finding in the defendant’s favor on an omitted element and no functional equivalent of the omitted element has been found by the jury.
Monsanto v. United States, 348 F.3d 345, 350-51 (2d Cir.2003). Nevertheless, the Second Circuit has recognized it is "bound by Jackson, ... unless and until that case is reconsidered by our court sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision.” Id. at 351.

. In Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the Supreme Court had held that such an instruction violated due process. Id. at 524, 99 S.Ct. 2450. Sandstrom, however, expressly left open the question of whether such an improper presumption instruction could ever be harmless. Id. at 526-27, 99 S.Ct. 2450.

. Justice Stevens did not join the plurality’s opinion but concurred in the judgment and thereby provided the fifth vote for a disposition. Justice Stevens did not confront whether harmless error review was appropriate for the presumption instruction because in his view ''[n]o federal question arises when a state court has decided for itself that it will decline to apply the Chapman harmless errbr test at all.” Johnson, 460 U.S. at 89 n. 4, 103 S.Ct. 969 (Stevens, J., concurring).

. The plurality explained that "a defense such as alibi, insanity, or self-defense” could, depending on the case, amount to such a concession. Johnson, 460 U.S. at 87, 103 S.Ct. 969 (plurality opinion). However, the plurality also recognized that "a defendant in a criminal trial is justified, of course, in defending solely in reliance on the presumption of his innocence and the State's burden of proof.” Id. at 87 n. 16, 103 S.Ct. 969.

. Having held that the presumption instruction did not direct a verdict, Rose disagreed with the position that such an improper presumption instruction "could never be harmless where a defendant contests intent.” Rose, 478 U.S. at 583, 106 S.Ct. 3101. The' Court thereby rejected the Johnson plurality’s view that a presumption instruction " ‘is the functional equivalent of a directed verdict’ on intent, and is therefore harmless only when the defendant concedes intent.” Rose, 478 U.S. at 572 n. 1, 106 S.Ct. 3101 (quoting Johnson, 460 U.S. at 84, 103 S.Ct. 969 (plurality opinion)). The Court instead adopted the Johnson dissent’s view that "in cases of [an improper presumption instruction], ‘the inquiry is whether the evidence was so dis-positive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption.’ ” Rose, 478 U.S. at 583, 106 S.Ct. 3101 (quoting Johnson, 460 U.S. at 97 n. 5, 103 S.Ct. 969 (Powell, J., dissenting)).

. The Court represented that Neder “defended against the tax charges by arguing that the loan proceeds were not income because he intended to repay the loans, and that he rea *311 sonably. believed, based on the advice of his accountant and lawyer, that he need not report the proceeds as income.” Id. at 16-17, 119 S.Ct. 1827. In other words, Neder's defense conceded that he received the considerable amount of funds charged, and "no jury could reasonably find that Neder’s failure to report substantial amounts of income on his tax returns was not 'a material matter.' ” Id. at 16, 119 S.Ct. 1827.

. Indeed, because the trial in this case predated Apprendi, drug quantity was not an issue for the jury at all.

. I make no judgment here, either explicitly or implicitly,- on whether a concern for judicial efficiency related to avoiding a retrial could justify a different standard for contesting an omitted element where a finding of non-harmlessness would necessarily result in a retrial.

. Under 28 U.S.C. § 2106, in the case of a non-harmless instructional Alleyne or Apprendi error, a circuit generally may direct the entry of conviction on the lesser-included offense that does not require the omitted element, so long as no "injustice or unfair prejudice will inure to the defendant." See United States v. Sepúlveda-Hernández, 752 F.3d 22, 28-29 (1st Cir.2014) (providing multi-step test for determining whether it would be permissible to direct entry of conviction on lesser-included offense). Cocaine conspiracy and possession offenses under 21 U.S.C. § 841(b)(1)(C), without specified drug quantities or mandatory minima, are lesser-included offenses of the aggravated crimes under § 841(b)(1)(A). See Burrage v. United States, - U.S. -, 134 S.Ct. 881, 887 n. 3, 187 L.Ed.2d 715 (2014).