**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10362 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00257-LDG |
| v. | |
| DELFINO SOLORZANO, a.k.a. Chino, a.k.a. Donald Gonzales, a.k.a. Manual Valencia, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Submitted October 25, 2016 **

Before:     LEAVY, GRABER, and GOULD, Circuit Judges.

Delfino Solorzano appeals from the district court's judgment and challenges

the district court's calculation of his criminal history category, which precluded

him from obtaining safety valve relief.  The government contends that Solarzano's

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal is barred by the appeal waiver set forth in the parties' plea agreement. Reviewing de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we affirm in part and dismiss in part.

Solorzano's claim that his sentence violates his Fifth and Sixth Amendment rights because his prior convictions were not admitted by him or proven to a jury is not barred by the appeal waiver. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). However, Solarzano's claim is foreclosed by the Supreme Court's holding in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Guerrero-Jasso*, 752 F.3d 1186, 1192 (9th Cir. 2014) ("*Almendarez-Torres* excepts prior convictions from all of *Apprendi*'s requirements . . . ."). Thus, we affirm as to this argument.

Solarzano also contends that the district court relied on clearly erroneous facts in attributing convictions under another name to him. This argument is encompassed by Solorzano's waiver of his right to appeal a sentence within the Guidelines range calculated by the district court. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (appeal waiver is enforceable if its language encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made). Thus, we dismiss as to this argument.

**AFFIRMED in part and DISMISSED in part.**