**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUZEF YUNOSOVICH ABRAMOV, AKA Yuzef Abramov, | No.   22-56057 |
| Petitioner-Appellant, | D.C. Nos.   2:20-cv-09173-ODW<br>2:14-cr-00241-ODW-1 |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 4, 2025
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Yuzef Abramov was convicted of five counts of engaging in illicit sexual

conduct in foreign places in violation of 18 U.S.C. § 2423(c). As it read during

Abramov's conduct, § 2423(c) applied to a U.S. citizen "who travels in foreign

commerce, and engages in any illicit sexual conduct." 18 U.S.C. § 2423(c) (2006).

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Abramov contended that he permanently resided in Russia when he engaged in the alleged conduct and therefore was not traveling within the meaning of the statute. At the time of his conviction, *United States v. Clark*, 435 F.3d 1100, 1107–08 (9th Cir. 2006), foreclosed Abramov's argument. But § 2423(c) was amended in 2013, and while Abramov's direct appeal was pending, we adopted a different interpretation of the term "travels" in the pre-amendment version of the statute. *See United States v. Pepe*, 895 F.3d 679, 682 (9th Cir. 2018). After receiving supplemental briefing on *Pepe*, we affirmed Abramov's convictions. *United States v. Abramov*, 741 Fed. App'x 531 (9th Cir. 2018), *cert. denied*, 140 S. Ct. 257 (2019). In doing so, we found that Abramov's direct appellate counsel had forfeited a claim of instructional error based on *Pepe* by failing to raise the issue. *Id.* at 532 n.2.

Abramov then unsuccessfully sought relief in the district court under 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") on the issue of whether Abramov received ineffective assistance of appellate counsel on direct appeal, and Abramov timely appealed. We review the denial of a § 2255 motion de novo. *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we reverse and remand.

1.     A defendant asserting ineffective assistance of counsel must demonstrate (1) "that counsel's representation fell below an objective standard of

reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) prejudice, such "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Applying the first prong of the *Strickland* analysis, we can conceive of no objectively reasonable explanation for appellate counsel to refrain from raising the instructional error argument, particularly after we asked the parties to discuss *Pepe*—which itself involved an instructional error, *see* 895 F.3d at 691–92—in supplemental briefing. To be sure, appellate counsel did offer other arguments that might have provided Abramov with even broader relief than might have ensued from a finding of instructional error. But that does not establish that he was reasonable in foregoing the instructional error argument, which if successful, would have resulted in a vacatur of Abramov's convictions and a new trial.

The government argues that appellate counsel reasonably decided not to raise the instructional error because trial counsel did not preserve it. We disagree. Abramov's trial counsel had unsuccessfully requested a jury instruction defining "travel" as "to be [o]n a trip from the United States to a foreign country and to engage in an illicit sexual act while on this trip." That requested instruction closely aligned with the definition of travel in *Pepe. See* 895 F.3d at 685 (recognizing that the definition of "travels" is not limited to "transits" but rather also has a broader

meaning of "going on a trip or tour") (cleaned up); *id.* at 690-91 (stating that a defendant who has permanently resettled in a foreign country is not traveling under § 2423(c)). That was sufficient to preserve the issue for appellate review. We therefore conclude that the first prong of the *Strickland* test was satisfied.

2. Turning to the second prong, the issue is whether there is a reasonable probability that Abramov's direct appeal would have been successful had counsel argued instructional error. We conclude that the second prong was also satisfied. The instruction in this case was plainly deficient in light of *Pepe*, and had appellate counsel raised the issue, the direct appeal panel would have been required to vacate Abramov's conviction unless the government demonstrated that the error was harmless beyond a reasonable doubt. *See United States v. Gonzalez-Torres*, 309 F.3d 594, 600 (9th Cir. 2002).

The government contends that any error was harmless because the evidence that Abramov was traveling at the time of the offenses, as the term was redefined in *Pepe*, was "overwhelming and uncontroverted." *United States v. Guerrero-Jasso*, 752 F.3d 1186, 1193 (9th Cir. 2014) (cleaned up). We disagree. There was evidence that Abramov, who had both Russian and U.S. citizenship, lived in Moscow for substantial amounts of time during the indictment period, worked several jobs in Russia and paid taxes there, left Russia for the final time on the closing date of the indictment period, and only then decided to remain in the United States. Although

4

there also was substantial evidence from which a reasonable jury could have found that Abramov was in fact travelling when he committed the charged offenses, we are unable to conclude on this record that no reasonable finder of fact could have concluded to the contrary.

3.      Thus, we reverse the district court's denial of § 2255 relief and vacate Abramov's convictions. In doing so, we leave undisturbed our previous holding that the post-verdict judgment of acquittal on the count charging violation of 18 U.S.C. § 2423(b) was not a factual finding that Abramov resided in Russia at the time of the offenses, but rather a determination that there was insufficient evidence to find that the illicit sexual conduct was the purpose of Abramov's presence in Russia. *See Abramov*, 741 Fed. App'x at 532 n.1. We decline to expand the COA to include other uncertified issues.

**REVERSED AND REMANDED.**[1]

---

[1]    Abramov's motions to supplement the record, *see* **Dkt. 18, 53**, are **denied.**